# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

GERARDO HERNANDEZ-ALVAREZ,

Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY and ICE Field Office Director,

Respondents.

NO. C09-605-RSM-BAT

REPORT AND RECOMMENDATION

I. INRODUCTION AND SUMMARY CONCLUSION

Petitioner Gerardo Hernandez-Alvarez is a native and citizen of Mexico who is being detained by the U.S. Immigration and Customs Enforcement ("ICE") pursuant to an order of removal that became administratively final on April 26, 2004. On May 1, 2009, petitioner, proceeding through counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his detention. (Dkt. 1). Petitioner argues that he was denied his right to due process by not being informed by his mother and his prior attorney of his right to appeal the Board of Immigration Appeals ("BIA") decision entered on April 26, 2004, when he was a minor, to the Ninth Circuit Court of Appeals. (Dkt. 1 at 3-4). Petitioner requests that the Court order the BIA to reopen his immigration proceedings and remand the matter to an Immigration Judge, release him from custody, and enter a stay of removal during the pendency of his proceedings. (Dkt. 1 at 4, Dkt. 11 at 5-6).

REPORT AND RECOMMENDATION - 1

Respondents have filed a motion to dismiss, arguing that petitioner is lawfully detained under Section 241 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231, pending his removal from the United States. (Dkt. 13). Respondents also contend that petitioner's detention is not indefinite and does not violate *Zadvydas v. Davis*, 533 U.S. 678 (2001), because his removal to Mexico is significantly likely to occur in the reasonably foreseeable future. *Id*.

For the reasons set forth below, the Court recommends that petitioner's habeas petition be DENIED and respondents' motion to dismiss be GRANTED.

## II.  BACKGROUND AND PROCEDURAL HISTORY

On or about January 1, 1989, petitioner entered the United States at San Ysidro, California, without being inspected, admitted or paroled by an Immigration Officer. (Dkt. 16 at PI-L38). On November 26, 2002, ICE encountered petitioner at the Benton-Franklin Counties Juvenile Center following his arrest for the crime of Taking a Motor Vehicle Without Permission ("TMVOP") in violation of RCW 9A.56.070. (Dkt. 16 at PI-L35; PII-L6). On December 9, 2002, ICE served petitioner with a Notice to Appear, placing him in removal proceedings and charging him with removability under INA § 212(a)(6)(A)(i), for being present in the United States without being admitted or paroled. (Dkt. 16 at PI-L21-23). Petitioner was released on his own recognizance pending a removal hearing before an Immigration Judge ("IJ"). (Dkt. 16 at PI-L11).

On June 6, 2003, petitioner appeared with counsel for removal proceedings before an IJ, and conceded that he was not eligible for cancellation of removal because he did not have a qualifying relative. (Dkt. 16 at PI-L25). Based on his admission, the IJ found him statutorily ineligible for cancellation of removal and ordered him removed to Mexico. (Dkt. 16 at PI-L24-27). Petitioner appealed the IJ's decision to the BIA, which summarily affirmed the IJ's

decision on April 26, 2004, rendering petitioner's removal order administratively final pursuant to INA § 101(a)(47)(B)(i), 8 U.S.C. § 1101(a)(47)(B)(i). (Dkt. 16 at PII-L10-11).

On April 21, 2009, ICE arrested petitioner at his place of employment in Kennewick, Washington, and placed him in custody to facilitate his removal from the United States to Mexico. (Dkt. 16 at PII-R17). ICE made an initial custody determination and ordered that petitioner remain in custody. (Dkt. 14 at 2). ICE indicates that it will review petitioner's custody status again on or about July 31, 2009, pursuant to 8 C.F.R. § 241.1. *Id.*

On May 1, 2009, petitioner filed the present action challenging his detention and requesting an emergency stay of removal. (Dkt. 1). The Court subsequently granted a preliminary stay of removal in this case. (Dkt. 2). On June 5, 2009, respondents filed a Return Memorandum and Motion to Dismiss. (Dkt. 13). Petitioner did not file a response.

III. DISCUSSION

A. Jurisdiction

As a threshold matter, the Court must determine whether it has subject matter jurisdiction to consider petitioner's habeas claims. Petitioner argues that he was denied due process by not being informed by his mother and his prior attorney of his right to appeal the BIA's decision entered on April 26, 2004, when he was a minor, to the Ninth Circuit. (Dkt. 1 at 3-4). Petitioner also claims that a *guardian ad litem* should have been appointed during his removal proceedings because his "legal interests were subserved to those of his mother." (Dkt. 11 at 5). He requests that the Court order the BIA to reopen his immigration proceedings and remand the matter to an Immigration Judge so that he can apply for cancellation of removal. (Dkt. 11 at 5). In addition, he requests that the Court release him from custody and enter a stay of removal during the pendency of his reopened immigration proceedings. (Dkt. 11 at 6). Petitioner argues that the

Court has jurisdiction to hear his claim, Dkt. 11 at 2, whereas respondents contend that this Court lacks jurisdiction under the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231 (May 11, 2005), Dkt. 13 at 2 n.2. The Court agrees with respondents.

On May 11, 2005, Congress enacted the REAL ID Act, which amended the judicial review provisions of the Immigration and Nationality Act by eliminating federal habeas corpus jurisdiction over final orders of removal, and made a petition for review filed with an appropriate court of appeals the sole and exclusive means for review of such orders. *See* 8 U.S.C. § 1252(a)(5)(stating that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter"); 8 U.S.C. § 1252(b)(9)("Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove and alien from the United States under this subchapter shall be available only in judicial review of a final order under this section."); 8 U.S.C. § 1252(g)("no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.").

In *Singh v. Gonzales*, 499 F.3d 969 (9th Cir. 2007), the Ninth Circuit considered whether the REAL ID Act stripped the district court of jurisdiction over an ineffective assistance of counsel claim involving an attorney's failure to file a timely Petition for Review of the BIA's decision. There, the Ninth Circuit reasoned that an ineffective assistance of counsel claim "cannot be construed as seeking judicial review of a final order of removal" because petitioner's "*only remedy* would be the restarting of the thirty-day period for the filing of a petition for

review with [the court of appeals]. In other words, a successful habeas petition in this case will lead to nothing more than 'a day in court' for [the petitioner]" *Id.* at 979 (emphasis added). The Court concluded that the REAL ID Act did not preclude habeas review of a claim of ineffective assistance of counsel which only seeks to restart the thirty-day period for the filing of a petition for review. *Id.*

Here, however, petitioner does not seek reissuance of the BIA's decision, but rather the remand and reversal of his removal order. Thus, unlike *Singh*, his habeas petition – which seeks an Order directing the BIA to reopen his immigration proceedings and remand the matter to the Immigration Court to consider his request for cancellation of removal – does not fall within the exception to the REAL ID Act outlined in *Singh*. Accordingly, the REAL ID Act strips this Court of jurisdiction over petitioner's due process claim for relief. Because this Court lacks jurisdiction to consider petitioner's claim for relief, it is similarly without jurisdiction to issue a stay of removal. The REAL ID Act, however, does not apply to habeas petitions which challenge a petitioner's detention rather than his removal. *See, e.g., Hernandez v. Gonzales*, 424 F.3d 42 (1st Cir. 2005).

B. Detention

Section 241(a)(1)(A) of the INA states that "[e]xcept as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." INA § 241(a)(1)(A), 8 U.S.C. § 1231(a)(1)(A). During the removal period, continued detention is required. INA § 241(a)(2), 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien."). Under Section 241(a)(6), the Attorney General may detain an alien beyond the 90-day removal period. INA § 241(a)(6), 8 U.S.C. § 1231(a)(6).

In *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 2505, 150 L. Ed. 2d 653 (2001), the Supreme Court considered whether the post-removal-period statute, INA § 241(a)(6), authorizes the government "to detain a removable alien indefinitely beyond the removal period or only for a period reasonably necessary to secure the alien's removal." *Zadvydas*, 533 U.S. at 682. The petitioners in *Zadvydas* could not be removed because no country would accept them. Thus, removal was "no longer practically attainable," and the period of detention at issue was "indefinite" and "potentially permanent." *Id*. at 690-91. The Supreme Court held that INA § 241(a)(6), which permits detention of removable aliens beyond the 90-day removal period, does not permit "indefinite detention." *Id*. at 689-697. The Court explained that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id*. at 699.

The Supreme Court further held that detention remains presumptively valid for a period of six months. *Id*. at 701. After this six-month period, an alien is eligible for conditional release upon demonstrating "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*. at 701. The burden then shifts to the Government to respond with sufficient evidence to rebut that showing. *Id*. at 701. The six-month presumption "does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*. at 701.

In this case, the presumptive six-month period in *Zadvydas* has expired. The Court must, therefore, determine whether petitioner has shown that "there is no significant likelihood of removal in the reasonably foreseeable future," and if so, whether the Government has responded with "evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. The Court finds

that petitioner has failed to satisfy his burden of showing that there is no significant likelihood of removal in the reasonably foreseeable future.

Petitioner makes no attempt to explain why his detention is unlawful. He merely states that he was not given an opportunity to appeal his removal order to the Ninth Circuit. (Dkt. 1 at 3-4). The government asserts that no travel documents are necessary to repatriate petitioner to Mexico. (Dkt. 13 at 6, Dkt. 14 at 2). Based on the record, there is no indication that ICE will not be able to effectuate to effectuate petitioner's removal to Mexico. Accordingly, given the lack of any argument from petitioner that there is no likelihood of removal, the Court finds that his removal will occur in the reasonably foreseeable future, and his detention is not indefinite.

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that petitioner's habeas petition be DISMISSED, that respondents' motion to dismiss be GRANTED, and that this matter be dismissed with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 28th day of July, 2009.

BRIAN A. TSUCHIDA
United States Magistrate Judge